AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### Northern District of Indiana

United States of America
v.

WILLIE J. HATCH

Defendant(s)

Case No. 1:22MJ - 158 - SLC

-FILED-

OCT 21 2022

At _____ M
GARY T. BELL, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of  9/16/22 - 10/13/22  in the county of  Allen  in the
Northern  District of  Indiana , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 841(a)(1) | knowingly and intentionally distributing 50 grams or more of methamphetamine, a Schedule II controlled substance |

This criminal complaint is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

PETER MOONEY (Affiliate)
Digitally signed by PETER MOONEY (Affiliate)
Date: 2022.10.20 16:19:24 -04'00'

*Complainant's signature*

Peter Mooney, TFO DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: October 20, 2022

City and state:  Fort Wayne, IN

s/ Susan Collins
*Judge's signature*

Susan Collins, U.S. Magistrate Judge
*Printed name and title*

## **AFFIDAVIT**

Comes now your Affiant, Peter Mooney, a Task Force Officer (TFO) with the Drug Enforcement Administration (DEA), first being duly sworn, now deposes and says:

Your Affiant has been a Task Force Officer (TFO) with the DEA for approximately 11 years and has been an officer with the Fort Wayne Police Department (FWPD) for approximately 18 years. Prior to being assigned to the DEA Task Force, your Affiant was assigned to the FWPD Gang Unit for approximately 9 months and before that to street patrol since 2004. Your Affiant has experience with clandestine drug laboratories, physical surveillance, use of confidential sources and informants, and electronic surveillance, among other investigative techniques. Your Affiant has attended Jet Way Training, which trains law enforcement officers on how to handle drug interdiction stops of various forms of transportation, to locate hidden compartments within vehicles, and to conduct interviews in narcotics-related instances. Your Affiant has been a member of the Fort Wayne Police Department Emergency Services Team for the past 14 years and has had extensive and advanced training on police and SWAT tactics related to drug raids. Through your Affiant's experience with the Emergency Services Team, your Affiant has participated in hundreds of narcotics search warrants. Your Affiant has investigated large indoor marijuana grows involving hundreds of

plants and other complex investigations involving controlled substances and large currency seizures. Your Affiant is also a Defensive Tactics Instructor for the Fort Wayne Police Department. Based on this experience, your Affiant has become familiar with the methods of illegal drug traffickers.

Your Affiant has participated in drug investigations involving the interception of wire and electronic communications and the use of video surveillance. Your Affiant is familiar with the manner in which narcotic traffickers and money launderers conduct their operations, including but not limited to: their methods of importing and distributing controlled substances, the use of telecommunication devices to include cellular telephones and digital display paging devices, the use of counter-surveillance techniques, and the use of numerical codes and coded and/or cryptic language, words and references to conduct drug transactions. During your Affiant's employment with the Fort Wayne Police Department and work with the DEA, your Affiant has participated in numerous investigations into the unlawful importation, possession with intent to distribute, and distribution of controlled substances. Your Affiant has participated in all aspects of drug investigations, including physical surveillance, execution of search warrants, undercover transactions, court-ordered wiretaps, analysis of phone and financial records, and arrests of numerous drug traffickers. Your Affiant has been the affiant on several other search warrants. Your Affiant has debriefed numerous defendants,

confidential informants, and other witnesses having extensive knowledge of the inner workings of narcotics trafficking organizations. Your Affiant has also spoken on numerous occasions with other experienced narcotics investigators concerning the methods and practices of drug traffickers and money launderers. Furthermore, your Affiant has attended training courses specializing in the investigation of narcotics trafficking. Through these investigations, your Affiant's training and experience, and conversations with other law enforcement personnel, your Affiant has become familiar with the methods used by drug traffickers to manufacture, smuggle, safeguard, and distribute narcotics, and to collect and launder trafficking-derived proceeds. Your Affiant is further aware of the methods employed by major narcotics organizations to thwart any investigation of their illegal activities. Through your Affiant training and experience, your Affiant is familiar with the operation of international drug trafficking organizations. Your Affiant is familiar with the ways in which drug traffickers conduct their drug business, including the methods and means by which they obtain, manufacture, import, and distribute narcotics; make drug payments and launder drug proceeds; and communicate with organizational members. Your Affiant's training and experience as a law enforcement officer, and your Affiant conversations with other experienced state, federal, and law enforcement officers form the basis of the opinions and conclusions set forth below.

The statements in this affidavit are based in part on the following: my own personal knowledge, information provided verbally and in written reports by other law enforcement personnel, information gathered during the utilization of various investigative techniques, records maintained by the National Crime Information Center (NCIC) and the Indiana Bureau of Motor Vehicles (BMV), my training and experience, and the training and experience of other law enforcement officers.

This affidavit it provided to establish probable cause to believe that between on or about September 19, 2022, and on or about October 13, 2022, Willie J. Hatch (herein after "HATCH"), M/Blk, DOB 1/3/1993, knowing and intentionally distributed 50 grams or more of methamphetamine, a Schedule II controlled substance in violation of Title 21 United States Code Section 841(a)(1). Because this affidavit is being submitted for the purpose of providing probable cause for the issuance of an arrest warrant for HATCH, Your Affiant has not included each and every fact known or provided by members of the DEA and other law enforcement officers concerning the individual events described herein.

## FACTS SUPPORTING PROBABLE CAUSE

The Fort Wayne Police Department (herein after "FWPD") in working with a confidential source conducted controlled buys of methamphetamine

from Willie J. Hatch in September and October 2022. A controlled narcotics transaction is conducted in the following manner to establish probable cause that the identified suspect sold and/or supplied an illegal substance to an undercover FWPD detective and/or a credible and reliable confidential source (herein after "CS"):

1. The CS and CS's vehicle was thoroughly searched by detectives prior to the transaction, ensuring no illegal contraband, substances, or currency is brought by the CS.
2. The CS was issued pre-recorded U.S. currency buy money.
3. The CS was fitted with a listening/recording device to monitor the transaction and maintain the safety and security of the CS during the transaction.
4. The CS remained under surveillance whenever possible by undercover detectives following the pre-search, during the transaction, and through the post-search.
5. The CS and CS's vehicle was thoroughly searched by detectives following the transaction, ensuring no illegal contraband, substances, or pre-recorded currency are kept by the CS.

The CS utilized in this case has proven to be credible and reliable to the FWPD while conducting the above-mentioned transactions. The CS has

provided accurate information about the defendant, HATCH, which Your Affiant has been able to corroborate through Detective (Det.) Schmieman. During the controlled purchases described below, FWPD officers and detectives were able to observe meetings between CS and HATCH and observed HATCH driving the identified vehicle. Surveillance followed HATCH to and from his residence before and after controlled purchases of narcotics. The above described pre and post buy procedures were used in purchases of narcotics transactions by the CS from HATCH. The CS's statements about those transactions were consistent with the recordings and surveillance conducted by law enforcement. Due to all of the above detailed information including the law enforcement corroboration of information, the surveillance and monitoring of the transactions and the procedures utilized during the controlled buys, Your Affiant believes the CS to be reliable and credible.

On September 19, 2022, Det. Schmieman met with the CS whom advised they could purchase methamphetamine from HATCH. The CS and HATCH agreed upon a meet location within the city of Fort Wayne, Allen County, Indiana. The CS was provided with $2,000 of pre-recorded U.S. currency and traveled to the agreed meet location and met with HATCH. The CS was paying a $900.00 debt they owed HATCH. When HATCH arrived the CS asked if they could get a "QP" (quarter pound) of methamphetamine. HATCH told the CS he

would have to go and get it. HATCH drove to a residence at XXXX Lakeside Drive, Apt. XX, Fort Wayne, IN 46816, which has been identified as HATCH's residence while surveilled by FWPD undercover detectives. HATCH was seen going into his residence and then leaving again. He was surveilled by FWPD undercover detectives back to where the CS was waiting. The CS provided HATCH with the $2,000.00 of pre-recorded U.S. currency in exchange for the suspected methamphetamine that HATCH went and retrieved. The suspected narcotics field tested positive for the presence of methamphetamine and had a net weight of approximately 112.0 grams.

On September 22, 2022, Detective Schmieman met with the CS whom advised they could purchase methamphetamine from HATCH. The CS and HATCH agreed upon a meet location within the city of Fort Wayne, Allen County, Indiana. The CS was provided with $1,400.00 of pre-recorded U.S. currency. The CS traveled to the agreed meet location and met with HATCH. When the CS met with HATCH, the CS asked HATCH for a "QP", (quarter pound) of methamphetamine. HATCH stated he did not have it with him. The CS was told to follow HATCH to another location and wait for HATCH at that location. The CS provided HATCH with the $1,400.00 of pre-recorded U.S. currency. HATCH left with FWPD undercover detectives surveilling him. HATCH drove to residence. After a short period of time, FWPD undercover

detectives saw HATCH leaving his residence and driving back to the location where the CS was waiting. HATCH met with the CS and gave the CS the suspected methamphetamine. The suspected narcotics field-tested positive for the presence of methamphetamine and had a weight of approximately 112.1 grams. HATCH had also provided the CS with another small bag of suspected methamphetamine. The suspected narcotics also field-tested positive for the presence of methamphetamine and had a weight of approximately 7.2 grams.

On October 4th, 2022, Detective Schmieman met with the CS whom advised they could purchase methamphetamine from HATCH. The CS and HATCH agreed upon a meet location within the city of Fort Wayne, Allen County, Indiana. The CS was provided with $1,400.00 of pre-recorded U.S. currency. The CS went to the agreed meet location and met with HATCH. The CS provided HATCH with the $1,400 of pre-recorded U.S. currency in exchange for the suspected methamphetamine. The suspected narcotics field tested positive for the presence of methamphetamine and had a weight of approximately 111.9 grams.

On October 13, 2022, Detective Schmieman met with the CS whom advised they could purchase methamphetamine from HATCH. The CS and HATCH agreed upon a meet location in the city of Fort Wayne, Allen County, Indiana. The CS was provided with $1,400.00 of pre-recorded U.S. currency. The CS

went to the agreed meet location and met with HATCH. The CS provided HATCH with the pre-recorded U.S. currency in exchange for the suspected methamphetamine. The suspected narcotics field tested-positive for the presence of methamphetamine and had a weight of approximately 112.0 grams.

During all four of these transactions, the above-mentioned method for conducting a controlled narcotics transaction was followed.

On September 28, 2022, the CS was shown a six (6)-person photo array. This photo array consisted of six (6) similar-looking individuals and was prepared by a FWPD Bureau of Identification Technician. The CS positively identified the person the CS knew as "Will". The CS also confirmed that this was the same individual who sold them methamphetamine during these controlled purchases.

Your Affiant has not included each and every fact known or provided by FWPD or by other law enforcement officers concerning the individual events described herein, and your Affiant has not provided all the information concerning the investigation. The information contained in the affidavit is based on your Affiant's personal observations and on information provided to your Affiant by other law enforcement officers.

Based upon the above information, your Affiant believes that there is probable cause to believe that between on or about September 19, 2022, and October 13, 2022, Willie J. Hatch knowing and intentionally distributed 50 grams or more of methamphetamine, a Schedule II controlled substance in violation of Title 21 United States Code Section § 841(a)(1).

Further your Affiant sayeth naught.

PETER MOONEY (Affiliate)
Digitally signed by PETER MOONEY (Affiliate)
Date: 2022.10.20 16:19:46 -04'00'
_____

Peter Mooney
Task Force Officer
Drug Enforcement Administration