**REDACTED**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

-FILED-

OCT 26 2022

At _____ M
GARY T. BELL, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIAN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | INDICTMENT |
| | ) | |
| | ) | Cause No. 1:22-CR- 59 |
| | ) | |
| v. | ) | Violations: |
| | ) | 21 U.S.C. § 841(a)(1), |
| | ) | 18 U.S.C. § 924(c), and |
| WILLIE J. HATCH | ) | 18 U.S.C. § 922(g)(9) |

**THE GRAND JURY CHARGES:**

<u>COUNT 1</u>

On or about September 16, 2022, in the Northern District of Indiana,

WILLIE J. HATCH,

defendant herein, did knowingly and intentionally distribute a controlled substance, including 50 grams or more of methamphetamine, a Schedule II Controlled Substance;

All in violation of 21 U.S.C. § 841(a)(1).

1

**THE GRAND JURY FURTHER CHARGES:**

COUNT 2

On or about September 22, 2022, in the Northern District of Indiana,

WILLIE J. HATCH,

defendant herein, did knowingly and intentionally distribute a controlled substance, including 50 grams or more of methamphetamine, a Schedule II Controlled Substance;

All in violation of 21 U.S.C. § 841(a)(1).

**THE GRAND JURY FURTHER CHARGES:**

<u>COUNT 3</u>

On or about October 4, 2022, in the Northern District of Indiana,

WILLIE J. HATCH,

defendant herein, did knowingly and intentionally distribute a controlled substance, including 50 grams or more of methamphetamine, a Schedule II Controlled Substance;

All in violation of 21 U.S.C. § 841(a)(1).

**THE GRAND JURY FURTHER CHARGES:**

<u>COUNT 4</u>

On or about October 13, 2022, in the Northern District of Indiana,

WILLIE J. HATCH,

defendant herein, did knowingly and intentionally distribute a controlled substance, including 50 grams or more of methamphetamine, a Schedule II Controlled Substance;

All in violation of 21 U.S.C. § 841(a)(1).

**THE GRAND JURY FURTHER CHARGES:**

## COUNT 5

On or about October 20, 2022, in the Northern District of Indiana,

WILLIE J. HATCH,

defendant herein, did knowingly and intentionally possess with intent to distribute a controlled substance, including 50 grams or more of methamphetamine, a Schedule II Controlled Substance;

All in violation of 21 U.S.C. § 841(a)(1).

**THE GRAND JURY FURTHER CHARGES:**

<u>COUNT 6</u>

On or about October 20, 2022, in the Northern District of Indiana,

WILLIE J. HATCH,

defendant herein, did knowingly possess a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession with intent to distribute a Schedule II Controlled Substance, as alleged in Count 5;

All in violation of 18 U.S.C. § 924(c).

**THE GRAND JURY FURTHER CHARGES:**

## COUNT 7

On or about October 20, 2022, in the Northern District of Indiana,

WILLIE J. HATCH,

defendant herein, knowing he had previously been convicted of a misdemeanor crime of domestic violence, that is to say:

> On November 19, 2018, WILLIE J. HATCH was sentenced on his conviction in the Allen Superior Court, State of Indiana, case number 02D06-1811-CM-5468, of Domestic Battery, a class A misdemeanor;

did knowingly possess a firearm, and the firearm was in and affecting commerce;

All in violation of 18 U.S.C. § 922(g)(9).

## FORFEITURE ALLEGATIONS

The allegations contained in Counts 1 through 7 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

Upon conviction of a controlled substance offense alleged in Counts 1 through 5 of this Indictment, the defendant shall forfeit to the United States pursuant to 21 U.S.C. § 853, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violations, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violations.

If any of the property described above, as a result of any act or omission of the defendant:

 a. cannot be located upon the exercise of due diligence;

 b. has been transferred or sold to, or deposited with, a third party;

 c. has been placed beyond the jurisdiction of the court;

 d. has been substantially diminished in value; or

 e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

Upon conviction of an offense alleged in Counts 6 and 7 of this Indictment, the defendant shall forfeit to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), the firearm and ammunition involved in the commission of the offenses.

TRUE BILL

/s/ Foreperson
Foreperson

CLIFFORD D. JOHNSON
UNITED STATES ATTORNEY

/s/ Stacey R. Speith
By:   Stacey R. Speith
      Assistant United States Attorney