UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No. 1:22-CR-59 |
| | ) | |
| WILLIE J. HATCH | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
FOR CONSIDERATION OF DETENTION**

Comes now the United States of America, by its counsel, Clifford D. Johnson, United States Attorney for the Northern District of Indiana, through Stacey R. Speith, Assistant United States Attorney, and responds to Defendant's Motion for Consideration of Detention.

On October 26, 2022, Willie J. Hatch, (hereinafter "Hatch") was Indicted by the Grand Jury on four counts of distributing 50 grams or more of methamphetamine and one count of possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1); possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and possessing a firearm after previously being convicted of a misdemeanor crime of domestic violence, in violation of 18 U.S.C. § 922(g)(9). The Government moved for detention arguing that Hatch was a danger to the community and a risk of flight.

On October 27, 2022, a detention hearing was held, and the Court found that detention was warranted. The Court noted that pursuant to 18 U.S.C. § 3142(e)(3) there was a rebuttal presumption that no condition or combination of conditions that would reasonably assure the appearance of the defendant as required and the safety

of the community because Hatch was charged with an offense under the Controlled Substance Import and Export Act for which the maximum penalty was a term of imprisonment of 10 years or more, and he was charged with an offense under 18 U.S.C. § 924(c). The Court found that Hatch did not produce sufficient evidence at the hearing to rebut the presumption and ordered him detained.

The Court noted that the factors for the Court's consideration in determining whether detention is warranted are contained in 18 U.S.C. § 3142(g). Those factors are:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
(2) the weight of the evidence against the person;
(3) the history and characteristics of the person, including--
   (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
   (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

Release of a defendant so that they can care for a family member, is not one of the factors the Court is entitled to consider when determining whether or not

detention is warranted.    Hatch asserts in his request for release that his mother has a terminal illness which has progressed since he was ordered detained; that his mother is in need of around the clock care which he can provide upon his release; and that her care has been a strain upon family members. Hatch indicates that if released, he would reside at his mother's home on Baxter Street and would abide by any conditions set by the Court.

As was the case at his original detention hearing, Hatch has the burden of rebutting the presumption of detention.  Hatch has provided no evidence which would rebut the presumption.  Even if release in order to care for a family member was a factor the Court could consider, as the Addendum to the Pretrial Services Report points out, Mrs. Hatch is living at an assisted living facility not at the Baxter residence listed in his motion.  Not only would Hatch not be permitted to reside with her, but she is also getting the necessary, "around the clock care" that she needs at the facility. According to Silver Birch's website, the facility is staffed 24 hours by certified nursing assistants; emergency call monitors throughout the residential care community; they offer assistance with daily living activities such as bathing, dressing, personal hygiene, grooming and getting to and from activities and dining; they provide medication delivery and reminders; regular health and wellness checks; three meals plus snacks served daily; free weekly laundry and housekeeping; transportation to shopping and scheduled outings; social, recreational, and wellness programing; as well as other amenities. [Assisted Living in Fort Wayne | Silver Birch (silverbirchliving.com)](silverbirchliving.com)

WHEREFORE, the United States of America requests that the Court DENY Hatch's request for release pending final disposition of his case.

                                      Respectfully submitted,

                                      CLIFFORD D. JOHNSON
                                      UNITED STATES ATTORNEY

STACEY SPEITH
Digitally signed by STACEY SPEITH
Date: 2023.07.27 16:28:56 -04'00'

By:    Stacey R. Speith
         Assistant United States Attorney
         E. Ross Adair Federal Building
         & US Courthouse
         1300 South Harrison Street, Room 3128
         Fort Wayne, IN 46802-3489
         Telephone: (260) 422-2595
         Facsimile:  (260) 426-1616
         E-mail Address: Stacey.speith@usdoj.gov